**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Jennifer Rupe, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Cause No: |
| | ) |
| Poseidon Diversified, Inc. dba Everdry | ) |
| Waterproofing of Greater Indiana | ) |
| | ) |
| | ) |
|     Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Jennifer Rupe ("Rupe" or "Plaintiff") by and through her counsel of record, Mary H. Kinas and Kinas Law Office, LLC, hereby files her Complaint against Defendant Poseidon Diversified, Inc. doing business as Everdry Waterproofing of Greater Indiana ("Everdry" or "Defendant") as follows:

1. At all relevant times, Rupe was a resident of Marion, Indiana.

2. Rupe is a Caucasian female and is currently 30 years old.

3. Defendant Everdry Waterproofing of Greater Indiana is a corporation properly licensed to do business in the State of Indiana. Bruce Cutler is its President. Everdry, upon information and belief, is a franchise of Ohio State Waterproofing of Macedonia, Ohio.

4. Defendant is an employer engaged in an industry affecting commerce with fifteen (15) or more employees. Including part-time and seasonal employees, upon information and belief, Everdry had more than fifty (50) employees during any statutorily relevant time period.

5. As an employer with more than fifteen (15) employees, Defendant is required to comply with all state and federal statutes and laws prohibiting discrimination because of race, disability, sex or age.

1

## JURISDICTION AND VENUE

6.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, and the Family and Medical Leave Act.

7.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as Defendant was conducting business in Marion County, Indiana and the unlawful employment practices complained of arose out of the Southern District of Indiana.

8.  Rupe filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission in a timely fashion on or about July 27, 2020.

9.  On November 30, 2020, the Equal Employment Opportunity Commission issued "Notice of Right to Sue" to Ms. Rupe, a true and correct copy of which is attached hereto as "Exhibit A."

10. Rupe received her Right to Sue Letter regarding this Charge against Defendant on or about December 3, 2020, less than ninety days prior to the filing of this Complaint.

11. Rupe has satisfied all administrative and jurisdictional conditions precedent to filing this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Rupe was hired at Everdry in February of 2017 with the title of Recruiting Manager.

13. Rupe was successful in her employment at Everdry, with consistently good performance evaluations and no performance write-ups.

14. Rupe informed Everdry of her pregnancy on November 22, 2019.

15. Rupe was laid off by Defendant on March 23, 2020, upon information and belief due to business loss due to Covid-19.

16. Rupe delivered her child on April 29, 2020.

17. Rupe's physician issued her a note stating that she was to be off work for 6 to 8 weeks. Rupe informed Defendant that she wished to take 12 weeks of leave.

18. Cutler, President of Everdry, called Rupe on May 11, 2020, two weeks after she gave birth, stating that he needed her back in the office due to Everdry obtaining a small business loan. He stated, "I'm going to do what I need to do as a small business owner" and the he hung up.

19. Many employees of Everdry were given short term disability leaves and were allowed to come back to their same positions after their leaves.

20. Rupe submitted and was granted 12 weeks of FMLA leave on May 25, 2020. In a June 20, 2020 to Rupe, Cutler stated "Our company is less than 50 at the time and could not accept the FMLA. We did state that we would accept your FMLA." A true and correct copy of that letter is attached as Exhibit B.

21. Natasha Clark, human resources specialist at Everdry, informed Rupe on May 25, 2020 when she submitted her FMLA paperwork, that she (Rupe) should start looking for another job and that she should look online to find her job posted, ie that Cutler was already seeking her replacement.

22. Rupe found her job posted online on May 31, 2020.

23. Cathy Cutler, Bruce Cutler's wife and also an Everdry employee, told numerous employees in the company that Rupe was being replaced and could return to the company after her FMLA leave as a night confirmer at a salary of $12 per hour.

24. Rupe returned to Everdry on July 12th and found her office was completely cleared out of her belongings.

25. Rupe received a termination letter of July 27th, 2020, stating that she was terminated for not returning to work after her leave.

26. On May 2, 2020, Vashti Nolan, another Everdry employee took part in an unemployment appeal via telephone call, case number 1383716.  Cutler, while on the record, objected to Rupe being a witness for Ms. Nolan, stating, upon information and belief, that Rupe was fired back in March and therefore her testimony was not relevant.

## FIRST CLAIM FOR RELIEF

### (Pregnancy Discrimination in Violation of 42 U.S.C. §2000e et seq)

27. All previous paragraphs are incorporated as if fully set forth herein.

28. Plaintiff Jennifer Rupe is in a protected class female, and she was either pregnant or on approved leave during all times relevant to this action.

29. Defendant knew of her status (pregnant) at all times relevant to this action.

30. Plaintiff Jennifer Rupe was qualified for her position as Recruiting Manager, as she had performed well in the position for over two years at the time of the alleged discrimination.

31. Plaintiff Jennifer Rupe endured an adverse employment action, that of termination from her position as Recruiting Manager at Defendant.

32. Others similarly situated, those with short term disabilities not including pregnancy, were treated more favorably i.e. not terminated and allowed to return to their same positions after their short term leaves.

33. Everdry's actions in terminating Rupe while treating other employees more favorably were done willfully and recklessly and with a specific intent to treat her differently for being female and pregnant.  In addition, Everdry's actions were directly related to and motivated by her pregnancy.  Consequently, Rupe seeks an award of punitive damages in an amount sufficient to punish and deter Defendant from harming others similarly situated.

34. As a direct and proximate result of Everdry's discriminatory conduct Rupe prays for damages, liquidated damages, injunctive relief, and all costs and reasonable attorney's fees incurred in pursuing this litigation.

## SECOND CLAIM FOR RELIEF

### (Violation of the Family and Medical Leave Act "FMLA" 29 USC §2601 et seq)

### (FMLA Interference)

35. All previous paragraphs are incorporated as if fully set forth herein.

36. Rupe is an eligible employee under FMLA leave and was granted FMLA leave by Everdry on May 25, 2020.

37. Upon information and belief, Everdry was a Covered Employer during any statutorily relevant time period.

38. Rupe was denied a benefit to which she was entitled under the FMLA, that is to return to her position of Recruiting Manager at the conclusion of her leave.

39. Rupe was told she could return to Everdry at the conclusion of her leave, but at a position that was a demotion and at a substantially reduced pay rate.

40. There was a causal connection between Rupe's exercise of her FMLA rights and her demotion and subsequent termination, namely a. Cutler's reluctance to give a pregnant employee a reasonable time to recover from giving birth and b. Cutler's reluctance to find alternate coverage for Rupe's job responsibilities while she was on leave.

41. As a direct and proximate result of Everdry's improper conduct, Rupe prays for damages, liquidated damages, injunctive relief, and all costs and reasonable attorney's fees incurred in pursuing this litigation.

## **THIRD CLAIM FOR RELIEF**

### **(Equitable Estoppel)**

42. All previous paragraphs are incorporated as if fully set forth herein.

43. In its June 20, 2020 letter, Everdry made the representation that it would grant Ms. Rupe 12 weeks of FMLA leave to recover from pregnancy and childbirth.

44. Ms. Rupe reasonably, justifiably and detrimentally relied on this representation in taking leave after she had her baby.

45. Relying on this representation caused detriment to Rupe.

46. Therefore, Everdry is estopped from denying that it is a Covered Employer or that Rupe is an eligible employee under the Family and Medical Leave Act.

//

//

//

//

## **RELIEF**

WHEREFORE, Plaintiff requests judgment in her favor against Defendant and that the following be awarded:

1. For a trial by jury;

2. For compensatory and punitive damages;

3. Prejudgment interest;

4. Reasonable attorneys' fees and costs; and

5. Such other relief the Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues and questions so triable.

Dated this 26th day of February, 2021.

    Respectfully submitted,

    /s/ Mary H. Kinas
    Mary H. Kinas, Esq.
    Indiana State Bar No. # 34484-29
    KINAS LAW OFFICE LLC
    Attorney for Plaintiff Jennifer Rupe